## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

_____  )
                                   )
OREGONIANS FOR FLOODPLAIN          )
PROTECTION, *et al.*,              )
                                   )
         Plaintiffs;               )
                                   )
    v.                             )          Civil Action No. 1:17-cv-01179-RJL
                                   )
UNITED STATES DEPARTMENT OF        )
COMMERCE, *et al.*,                )
                                   )
         Defendants,               )
                                   )
    and                            )
                                   )
THE AUDUBON SOCIETY OF             )
PORTLAND,                          )
5151 NW Cornell Rd                 )
Portland, OR 97210, and            )
                                   )
DEFENDERS OF WILDLIFE              )
1130 17th St NW                    )
Washington, DC 20036, and          )
                                   )
CENTER FOR BIOLOGICAL              )
DIVERSTY                           )
1411 K St. NW, Suite 1300          )
Washington, D.C. 20005,            )
                                   )
         Movants.                  )
_____  )

## [PROPOSED] ANSWER IN INTERVENTION

Defendant-Intervenors Audubon Society of Portland, Center for Biological

Diversity, and Defenders of Wildlife (collectively, Conservation Groups), through counsel,

answer the Complaint filed in this action on June 15, 2017, ECF No. 1. The numbered

paragraphs below correspond to the numbered paragraph in the Complaint. Conservation Groups

deny each allegation in the Complaint that is not specifically admitted, answered, or otherwise responded to in this Answer.

1.      The allegations in paragraph 1 constitute Plaintiffs' characterization of their lawsuit, to which no response is required.

2.      Deny.

3.      Conservation Groups admit that the Federal Emergency Management Agency (FEMA) sent notice to National Flood Insurance Program (NFIP) participating communicates, in accordance with Element 1 of the RPA. The second, third, fourth, and sixth sentences of paragraph 3 state conclusions of law, which require no response. Conservation Groups lack knowledge or information sufficient to form a belief regarding the allegations in the fifth sentence, and therefore deny.

4.      The allegations in paragraph 4 constitute Plaintiffs' characterization of their lawsuit, to which no response is required.

5.      The allegations in paragraph 5 state conclusions of law, which require no response.

6.      Admit.

7.      Conservation Groups admit that a notice of intent to sue addressed to NMFS was attached as Exhibit 1. Conservation Groups admit that a notice of intent to sue addressed to FEMA was attached as Exhibit 2. Conservation Groups lack knowledge or information sufficient to form a belief regarding the allegations in fourth sentence of paragraph 7, and therefore deny. The first and fifth sentences of paragraph 7 state conclusions of law, which require no response.

8.      The allegations in paragraph 8 purport to characterize the Administrative Procedure Act (APA), which speaks for itself and is the best evidence of its contents. Any

allegations contrary to its plain language and meaning are denied. The allegations in paragraph 8 are also conclusions of law, which require no response.

9.      Conservation Groups admit that venue is proper in this Court.

10.      Conservation Groups lack knowledge or information sufficient to form a belief regarding the first, second, and third sentence of paragraph 10. The allegations in the fourth sentence of paragraph 10 are conclusions of law, which require no response.

11.      Conservation Groups lack knowledge or information sufficient to form a belief regarding the allegations in paragraph 11, and therefore deny. The allegations in paragraph 11 are also vague and conclusory and Conservation Groups deny them on those grounds.

12.      Conservation Groups lack knowledge or information sufficient to form a belief regarding the allegations in paragraph 12, and therefore deny. The allegations in paragraph 12 are also vague and conclusory and Conservation Groups deny them on those grounds.

13.      Conservation Groups lack knowledge or information sufficient to form a belief regarding the allegations in paragraph 13, and therefore deny. The allegations in paragraph 13 are also vague and conclusory and Conservation Groups deny them on those grounds.

14.      Conservation Groups lack knowledge or information sufficient to form a belief regarding the allegations in paragraph 14, and therefore deny. The allegations in paragraph 14 are also vague and conclusory and Conservation Groups deny them on those grounds. To the extent paragraph 14 purports to characterize the *Endangered Species Act Section 7(a)(2) Jeopardy and Destruction or Adverse Modification of Critical Habitat Biological Opinion and Section 7(a)(2) "Not Likely to Adversely Affect" Determination for the Implementation of the National Flood Insurance Program in the State of Oregon* (Biological Opinion), that document

speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied.

15.     Conservation Groups lack knowledge or information sufficient to form a belief regarding the allegations in paragraph 15, and therefore deny.

16.     Conservation Groups lack knowledge or information sufficient to form a belief regarding the allegations in paragraph 16, and therefore deny. The allegations in the third and fourth sentences of paragraph 16 are also vague and speculative, and Conservation Groups deny them on those grounds.

17.     Conservation Groups lack knowledge or information sufficient to form a belief regarding the allegations in paragraph 17, and therefore deny. The allegations in the third sentence of paragraph 17 are conclusions of law, which require no response.

18.     The allegations in paragraph 18 are conclusions of law, which require no response.

19.     The allegations in paragraph 19 are conclusions of law, which require no response.

20.     The allegations in the first and third sentence of paragraph 20 are conclusions of law, which require no response. Conservation Groups lack knowledge or information sufficient to form a belief regarding the allegations in the second sentence of paragraph 20, and therefore deny. The allegations in the second sentence are also vague, and Conservation groups deny them on those grounds.

21.     The allegations in paragraph 21 are conclusions of law, which require no response.

22.     The allegations in paragraph 22 are conclusions of law, which require no response.

23.     Admit.

24.     Admit.

25.     Conservation Groups lack knowledge or information sufficient to form a belief regarding the allegations in paragraph 25, and therefore deny. Samuel D. Rauch, III is currently the Deputy Assistant Administrator for Regulatory Programs at NOAA.

26.     Admit.

27.     Admit.

28.     The current Administrator of FEMA is William B. Long.

29.     Conservation Groups admit the allegations in the first sentence of paragraph 29. The remaining allegations in paragraph 29 purport to characterize the National Flood Insurance Act of 1986 (NFIA), 42 U.S.C. §§ 4001–4129, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied.

30.     The allegations in paragraph 30 purport to characterize the NFIA, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied.

31.     The allegations in paragraph 31 purport to characterize the NFIA and its implementing regulations, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language and meaning are denied.

32.     The allegations in the first and second sentence of paragraph 32 purport to characterize the NFIA and its implementing regulations, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language and meaning are

denied. Conservation Groups lack knowledge or information sufficient to form a belief regarding the allegations in the third sentence of paragraph 32, and therefore deny. The allegations in the third sentence of paragraph 32 are also vague, and Conservation groups deny them on those grounds.

33.     The allegations in the first and third sentence of paragraph 33 purport to characterize the NFIA and its implementing regulations, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language and meaning are denied. Conservation Groups lack knowledge or information sufficient to form a belief regarding the allegations in the second sentence of paragraph 33, and therefore deny.

34.     The allegations in paragraph 34 purport to characterize the Flood Disaster Protection Act of 1973 and the Flood Insurance Reform Act of 1994, as amended, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language and meaning are denied.

35.     The allegations in paragraph 35 purport to characterize the NFIA, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied.

36.     The allegations in paragraph 36 purport to characterize the NFIA and its implementing regulations, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language and meaning are denied.

37.     The allegations in the paragraph 37 purport to characterize the Endangered Species Act (ESA), which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied.

38.     The allegations in the paragraph 38 purport to characterize the ESA and its implementing regulations, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language and meaning are denied.

39.     The allegations in the paragraph 39 purport to characterize the ESA and its implementing regulations, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language and meaning are denied.

40.     The allegations in the paragraph 40 purport to characterize the ESA and its implementing regulations, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language and meaning are denied.

41.     The allegations in the paragraph 41 purport to characterize the ESA and its implementing regulations, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language and meaning are denied.

42.     The allegations in the paragraph 42 purport to characterize the ESA and its implementing regulations, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language and meaning are denied.

43.     The allegations in the paragraph 43 purport to characterize the ESA and its implementing regulations, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language and meaning are denied.

44.     The allegations in the paragraph 44 purport to characterize the ESA and its implementing regulations, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language and meaning are denied.

45.     The allegations in the paragraph 45 purport to characterize the ESA and its implementing regulations, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language and meaning are denied.

46.     The allegations in paragraph 46 purport to characterize the National Environmental Policy Act (NEPA) and its implementing regulations, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language and meaning are denied.

47.     The allegations in paragraph 47 purport to characterize NEPA and its implementing regulations, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language and meaning are denied.

48.     The allegations in paragraph 48 purport to characterize NEPA, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied.

49.     The allegations in paragraph 49 purport to characterize NEPA, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied.

50.     The allegations in paragraph 50 purport to characterize NEPA and its implementing regulations, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language and meaning are denied.

51.     The allegations in paragraph 51 purport to characterize NEPA and its implementing regulations, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language and meaning are denied.

52.     The allegations in paragraph 52 purport to characterize NEPA and its implementing regulations, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language and meaning are denied.

53.     The allegations in paragraph 53 purport to characterize the APA, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied.

54.     The allegations in paragraph 54 purport to characterize the APA, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied.

55.     The allegations in paragraph 55 purport to characterize the APA, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied.

56.     The allegations in paragraph 56 purport to characterize the APA, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied. The allegations in paragraph 56 are also conclusions of law, which require no response.

57.     The allegations in paragraph 57 purport to characterize the APA, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied.

58.     Admit.

59.     The allegations in paragraph 59 purport to characterize the APA, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied.

60.     Admit.

61.     The allegations in paragraph 61 purport to characterize FEMA's *Program Level Biological Assessment for the National Floodplain Insurance Program Oregon State* (Biological Assessment), which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied. The remaining allegations in paragraph 61 are conclusions of law, which require no response.

62.     The allegations in paragraph 62 purport to characterize the Biological Opinion, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied.

63.     The allegations in paragraph 63 purport to characterize the Biological Opinion, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied.

64.     The allegations in paragraph 64 purport to characterize the Biological Opinion, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied.

65.     The allegations in paragraph 65 purport to characterize the Biological Opinion, which speaks for itself and is the best evidence of its contents. The allegations in paragraph 65 are also conclusions of law, which require no response. Any allegations contrary to its plain language and meaning are denied.

66.     The allegations in the first sentence of paragraph 66 purport to characterize the Biological Opinion, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied. The allegations in the first sentence of paragraph 66 are also conclusions of law, which require no response. The allegations

in the second and third sentences of paragraph 66 purport to characterize the NFIP, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied. Conservation Groups lack knowledge or information sufficient to form a belief regarding the allegations in the fourth sentence of paragraph 66, and therefore deny.

67.     The allegations in paragraph 67 purport to characterize the Biological Opinion, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied. The allegations in paragraph 67 are also conclusions of law, which require no response.

68.     The allegations in paragraph 68 purport to characterize the Biological Opinion, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied. The allegations in paragraph 68 are also conclusions of law, which require no response.

69.     The allegations in paragraph 69 purport to characterize the Biological Opinion, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied. The allegations in paragraph 69 are also conclusions of law, which require no response.

70.     The allegations in paragraph 70 purport to characterize the Biological Opinion, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied. The allegations in paragraph 70 are also conclusions of law, which require no response.

71.     The allegations in paragraph 71 purport to characterize the Biological Opinion, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its

plain language and meaning are denied. The allegations in paragraph 71 are also conclusions of law, which require no response.

72.     The allegations in paragraph 72 purport to characterize the Biological Opinion, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied. The allegations in paragraph 72 are also conclusions of law, which require no response.

73.     The allegations in paragraph 73 purport to characterize the Biological Opinion, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied. The allegations in paragraph 73 are also conclusions of law, which require no response.

74.     The allegations in paragraph 74 purport to characterize the Biological Opinion, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied. The allegations in paragraph 74 are also conclusions of law, which require no response.

75.     The allegations in the first and second sentences of paragraph 75 purport to characterize the RPA, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied. The allegations in the third sentence of paragraph 75 purport to characterize letters from FEMA to NMFS, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language and meaning are denied. The allegations in paragraph 75 are conclusions of law, which require no response.

76.     The allegations in paragraph 76 purport to characterize the RPA, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language and

meaning are denied. The allegations in paragraph 76 are also conclusions of law, which require no response.

77.     The allegations in the first sentence of paragraph 77 purport to characterize the RPA, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied. The allegations in the second sentence of paragraph 77 purport to characterize the Biological Opinion, which speaks for itself and is the best evidence of its contents.

78.     The allegations in the first sentence of paragraph 78 purport to characterize the Biological Opinion, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied. The allegations in the second sentence of paragraph 78 purport to characterize the RPA, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied. Conservation Groups lack knowledge or information sufficient to form a belief regarding the allegations in the third sentence of paragraph 78, and therefore deny. The allegations in the third sentence of paragraph 78 are also vague and conclusory and Conservation Groups deny them on those grounds. The allegations in the fourth sentence of paragraph 78 purport to characterize the RPA, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied.

79.     The allegations in paragraph 79 purport to characterize the Biological Opinion, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied. The allegations in paragraph 74 are also conclusions of law, which require no response.

13

80.     The allegations in paragraph 80 purport to characterize the NFIP's implementing regulations, which speak for themselves and are the best evidence of their content. Any allegations contrary to their plain language and meaning are denied.

81.     The allegations in paragraph 81 purport to characterize the Biological Assessment, which speaks for itself and is the best evidence of its content.

82.     Conservation Groups lack knowledge or information sufficient to form a belief regarding the allegations in paragraph 82, and therefore deny.

83.     The allegations in the first and second sentence of paragraph 83 purport to characterize the Biological Opinion, which speaks for itself and is the best evidence of its content. Any allegations contrary to its plain language and meaning are denied. The allegations in the third and fourth sentence purport to characterize the ESA, which speaks for itself and is the best evidence of its content. The allegations in the fifth sentence of paragraph 83 are also conclusions of law, which require no response.

84.     Admit.

85.     The allegations in paragraph 85 purport to characterize a Letter from Mark Carey, FEMA Region X Mitigation Division Director, to NFIP participating communities in the State of Oregon, which speaks for itself and is the best evidence of its content. Any allegations contrary to its plain language and meaning are denied.

86.     The allegations in paragraph 86 purport to characterize the RPA, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied.

87.     The allegations in the first sentence of paragraph 87 purport to characterize a Letter from Mark Carey, FEMA Region X Mitigation Division Director, to NFIP participating

communities in the State of Oregon, which speaks for itself and is the best evidence of its content. Any allegations contrary to its plain language and meaning are denied. The allegations in the first sentence of paragraph 87 also purport to characterize meetings with NFIP participating communities of which Conservation Groups lack knowledge or information sufficient to form a belief regarding, and therefore deny. The allegations in the second sentence of paragraph 87 are also conclusions of law, which require no response. Conservation Groups lack knowledge or information sufficient to form a belief regarding the remaining allegations in paragraph 87, and therefore deny.

88.     Conservation Groups lack knowledge or information sufficient to form a belief regarding the allegations in paragraph 88, and therefore deny.

89.     Conservation Groups lack knowledge or information sufficient to form a belief regarding the allegations in paragraph 89, and therefore deny. The allegations in the second sentence of paragraph 89 are also conclusions of law, which require no response.

90.     Conservation Groups lack knowledge or information sufficient to form a belief regarding the allegations in paragraph 90, and therefore deny. The allegations in paragraph 90 are also vague and conclusory and Conservation Groups deny them on those grounds.

91.     Conservation Groups lack knowledge or information sufficient to form a belief regarding the allegations in the first and second sentences of paragraph 90, and therefore deny. The allegations in the third sentence of paragraph 91 are conclusions of law, which require no response. The allegations in the third sentence of paragraph 91 are also vague and conclusory and Conservation Groups deny them on those grounds.

92.     Conservation Groups incorporate by reference all preceding paragraphs.

93.     The allegations in paragraph 93 purport to characterize the Biological Opinion, which speaks for itself and is the best evidence of its content. Any allegations contrary to its plain language and meaning are denied. The allegations in paragraph 93 are also conclusions of law, which require no response.

94.     The allegations in paragraph 94 are conclusions of law, which require no response.

95.     Conservation Groups incorporate by reference all preceding paragraphs.

96.     The allegations in paragraph 96 purport to characterize the Biological Opinion, which speaks for itself and is the best evidence of its content. Any allegations contrary to its plain language and meaning are denied. The allegations in paragraph 96 are also conclusions of law, which require no response.

97.     The allegations in paragraph 97 are conclusions of law, which require no response.

98.     Conservation Groups incorporate by reference all preceding paragraphs.

99.     The allegations in paragraph 99 purport to characterize the Biological Opinion, which speaks for itself and is the best evidence of its content. Any allegations contrary to its plain language and meaning are denied. The allegations in paragraph 99 are also conclusions of law, which require no response.

100.    The allegations in paragraph 100 purport to characterize the Biological Opinion, which speaks for itself and is the best evidence of its content. Any allegations contrary to its plain language and meaning are denied. The allegations in paragraph 100 are also conclusions of law, which require no response.

101.    The allegations in paragraph 101 purport to characterize the Biological Opinion, which speaks for itself and is the best evidence of its content. Any allegations contrary to its plain language and meaning are denied. The allegations in paragraph 101 are also conclusions of law, which require no response.

102.    The allegations in paragraph 102 purport to characterize the Biological Opinion, which speaks for itself and is the best evidence of its content. Any allegations contrary to its plain language and meaning are denied. The allegations in paragraph 102 are also conclusions of law, which require no response.

103.    The allegations in paragraph 103 purport to characterize the Biological Opinion, which speaks for itself and is the best evidence of its content. Any allegations contrary to its plain language and meaning are denied. The allegations in paragraph 103 are also conclusions of law, which require no response.

104.    The allegations in paragraph 104 purport to characterize the Biological Opinion, which speaks for itself and is the best evidence of its content. Any allegations contrary to its plain language and meaning are denied. The allegations in paragraph 104 are also conclusions of law, which require no response.

105.    The allegations in paragraph 105 purport to characterize the Biological Opinion, which speaks for itself and is the best evidence of its content. Any allegations contrary to its plain language and meaning are denied. The allegations in paragraph 105 are also conclusions of law, which require no response.

106.    The allegations in paragraph 106 are conclusions of law, which require no response.

107.    Conservation Groups incorporate all preceding paragraphs.

108.    The allegations in paragraph 108 are conclusions of law, which require no response.

109.    Conservation Groups lack knowledge or information sufficient to form a belief regarding the allegations in paragraph 109, and therefore deny. The allegations in paragraph 109 are also conclusions of law, which require no response.

110.    The allegations in paragraph 110 purport to characterize the RPA, which speaks for itself and is the best evidence of its content. Any allegations contrary to its plain language and meaning are denied. The allegations in paragraph 110 are also conclusions of law, which require no response.

111.    The allegations in paragraph 111 purport to characterize the RPA, which speaks for itself and is the best evidence of its content. Any allegations contrary to its plain language and meaning are denied. The allegations in paragraph 111 are also conclusions of law, which require no response.

112.    The allegations in paragraph 112 purport to characterize the RPA, which speaks for itself and is the best evidence of its content. Any allegations contrary to its plain language and meaning are denied. The allegations in paragraph 112 are also conclusions of law, which require no response.

113.    The allegations in paragraph 113 purport to characterize the RPA, which speaks for itself and is the best evidence of its content. Any allegations contrary to its plain language and meaning are denied. The allegations in paragraph 113 are also conclusions of law, which require no response.

114.    The allegations in paragraph 114 are conclusions of law, which require no response.

115.    Conservation Groups incorporate by reference all preceding paragraphs.

116.    The allegations in paragraph 116 purport to characterize the APA, which speaks for itself and is the best evidence of its content. Any allegations contrary to its plain language and meaning are denied.

117.    The allegations in paragraph 117 purport to characterize the APA, which speaks for itself and is the best evidence of its content. Any allegations contrary to its plain language and meaning are denied. The allegations in paragraph 117 are also conclusions of law, which require no response.

118.    The allegations in paragraph 118 are conclusions of law, which require no response.

119.    The allegations in paragraph 119 are conclusions of law, which require no response.

120.    The allegations in paragraph 120 are conclusions of law, which require no response.

121.    The allegations in paragraph 121 are conclusions of law, which require no response.

122.    Conservation Groups incorporate by reference all preceding paragraphs.

123.    Admit.

124.    The allegations in paragraph 124 are conclusions of law, which require no response.

125.    The allegations in paragraph 125 are conclusions of law, which require no response.

126.    The allegations in paragraph 126 are conclusions of law, which require no response.

127.    The allegations in paragraph 127 are conclusions of law, which require no response.

## PRAYER FOR RELIEF

The remaining allegations contained in the Complaint consist of Plaintiffs' request for relief, to which no response is required. To the extent a response is required, Conservation Groups deny that Plaintiffs are entitled to the requested relief, or to any relief whatsoever.

## GENERAL DENIAL

Conservation Groups deny any allegations of the Complaint, whether express or implied, that are not expressly admitted or qualified in this Answer.

## AFFIRMATIVE DEFENSES

1.    The Court lacks jurisdiction over some or all of Plaintiffs' claims.

2.    Plaintiffs have failed to state a claim upon which relief may be granted.

WHEREFORE, Conservation Groups respectfully request that the Court dismiss the Complaint with prejudice, enter judgment in favor of defendants, and grant such further relief as the Court deems just and proper.


February 2, 2018                         Respectfully submitted,

                                        */s/ Ryan Adair Shannon*
                                        Ryan Adair Shannon (D.C. Bar No. OR 00007)
                                        CENTER FOR BIOLOGICAL DIVERSITY
                                        P.O. Box 11374
                                        Portland, OR 97211
                                        (503) 282-5475 ext. 407
                                        rshannon@biologicaldiversity.org

*/s/ Jason C. Rylander*
Jason C. Rylander (D.C. Bar No. 474995)
DEFENDERS OF WILDLIFE
1130 17th St NW
Washington, DC 20036
T: 202.772.3245
F: 202.682.1331
E: jrylander@defenders.org

Daniel J. Rohlf
*Pro Hac Vice Application Pending*
Or. Bar No. 990069
Earthrise Law Center
10015 S.W. Terwilliger Blvd.
Portland, OR 97219
T: 503.768.6707
F: 503.768.6671
E: rohlf@lclark.edu

*Counsel for the Audubon Society of Portland,*
*Center for Biological Diversity, and Defenders of*
*Wildlife*