UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| OREGONIANS FOR FLOODPLAIN PROTECTION, *et al.*,<br><br>                              Plaintiffs;<br><br>     v.<br><br>THE U.S. DEPARTMENT OF COMMERCE, *et al.*,<br><br>                              Defendants. | Civil Case No. 1:17-cv-01179-RJL |

**JOINT MEET AND CONFER STATEMENT PURSUANT TO THE COURT'S ORDER DATED MARCH 13, 2018**

Pursuant to the Court's March 13, 2018 Case Management Order [Docket No. 30] (the "Order"), the parties to this action met and conferred through the undersigned counsel via telephone on March 30, 2018, to discuss the matters set forth in the Order. The parties report as follows:

**I. Brief Statement of the Case and the Statutory Basis for All Causes of Action and Defenses**

This case involves a challenge by Plaintiffs to the adequacy of the U.S. Department of Commerce, National Oceanic and Atmospheric Administration ("NOAA"), National Marine Fisheries Service's ("NMFS's") *Endangered Species Act (ESA) Section 7(a)(2) Jeopardy and Destruction or Adverse Modification of Critical Habitat Biological Opinion and Section 7(a)(2) "Not Likely to Adversely Affect" Determination for the Implementation of the National Flood Insurance Program in the State of Oregon* (the "Biological Opinion"), and the Federal Emergency Management Agency's ("FEMA") alleged de facto rulemaking through

1

the reinterpretation of 44 C.F.R. § 60.3(a)(2).  Specifically, Plaintiffs allege that the Biological Opinion violates the Endangered Species Act, 16 U.S.C. §§ 1531 et seq., and regulations thereunder, and the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701 et seq.  Plaintiffs also allege that FEMA failed to comply with the procedural requirements of the APA and the National Environmental Policy Act ("NEPA"), 42 U.S.C. §§ 4321 et seq. by reinterpreting 44 C.F.R. § 60.3(a)(2) without conducting notice and comment rulemaking under the APA or environmental review under NEPA.  Plaintiffs seek declaratory and injunctive relief, and costs of litigation, including reasonable costs, expenses, disbursements, and reasonable attorneys' fees.

Defendants assert that Plaintiffs' claims must be dismissed based on principles of standing, finality, and ripeness, because FEMA has not yet taken any final, reviewable agency action with respect to implementation of NMFS's Biological Opinion and Reasonable and Prudent Alternative.  Defendants further dispute that the Biological Assessment, or any of the proposed program changes contained therein, constituted a final, reviewable agency action or a de facto amendment of existing NFIP regulations.  In the alternative, Defendants assert that Plaintiffs' claims fail on their merits.

## II. Appearance Prior to Resolution of Dispositive Motions

Pursuant to footnote 1 of the Order, the Parties would welcome the opportunity to appear before the Court prior to the resolution of Defendants' currently pending Motion to Dismiss [Docket No. 18] ("Motion to Dismiss"), at the Court's discretion, if helpful to assist the Court in the expeditious resolution of the Motion.

### III.  LCvR 16.3(b) Exemption

The parties agree that the requirements of LCvR 16.3 do not apply to Claims 1-4 of the Plaintiffs' Complaint, as those claims involve review on an administrative record, and thus are exempt under LCvR 16.3(b)(1).  With regard to Claims 5-6, the parties do not agree regarding the applicability of LCvR 16.3.  Defendants assert that, if the pending Motion to Dismiss is denied, Claims 5-6 will also involve review on an administrative record and such record will be lodged at the appropriate time if required.  Because FEMA denies having taken an action that constituted a final, reviewable agency action or a de facto amendment of existing NFIP regulation, however, Plaintiffs do not understand and dispute FEMA's assertion that these claims involve review on an administrative record.  Plaintiffs believe that evidence of Defendant FEMA's reinterpretation of 44 C.F.R. 60.3(a)(2) as a binding rule, as well as the application of that reinterpretation, may help to clarify for the Court the nature of the de-facto rulemaking as a binding legislative rule.  Because there is some disagreement with respect to the applicability of LCvR 16.3(b)(1) to Claims 5 and 6, out of an abundance of caution, the parties proceeded to prepare this report addressing the matters in LCvR 16.3(c) as set forth below.

### IV.    Matters Discussed by the Parties

*1. Likelihood of Disposition by Dispositive Motion*

The parties anticipate that all claims are likely to be resolved by dispositive motions.

*2. Amendment of Pleadings, Joinder, Narrowing Issues*

The parties do not intend to seek joinder of parties.  The parties note that another challenge to the Biological Opinion has been filed in this court, and it may be appropriate to consider consolidation of these cases in the future.  *See City of Coos Bay v. Ross,* No. 1:17-cv-

02074-RJL (filed Oct. 5, 2017). The parties also note that the Audubon Society of Portland, Defenders of Wildlife, and the Center for Biological Diversity have moved to intervene in this action, and the Court has stayed their motion pending resolution of the Motion to Dismiss. [Docket Nos. 22, 26].

Although Plaintiffs do not anticipate amendment of the Complaint at this time, Plaintiffs reserve the right to seek leave to amend the Complaint. Defendants reserve the right to assert objections to the amendment. The parties do not believe that factual or legal issues in this case could be narrowed prior to filing dispositive motions. Should the Court have questions regarding this topic, counsel are prepared to address this at an initial scheduling conference.

3. *Assignment to Magistrate Judge*

The parties agree that the case should not be assigned to a magistrate judge.

4. *Possibility of Settlement*

Plaintiffs believe that settlement is possible, but there is no specific proposal for settlement at this time. Should the Court have questions regarding this topic, counsel are prepared to address this at an initial scheduling conference.

5. *Benefit from Alternative Dispute Resolution Procedures*

The parties agree that it is unlikely that the case would benefit from the Court's alternative dispute resolution (ADR) procedures at this time, but will continue to evaluate the benefits of pursuing ADR in the future.

6. *Resolution by Summary Judgment or Motion to Dismiss*

The parties anticipate that the case will be resolved by dispositive motion. Defendants' Motion to Dismiss is currently pending before this Court, and pursuant to the

Court's Order dated September 4, 2017 [Sept. 4, 2017 Minute Order], Defendants were excused from filing a certified list of the contents of the administrative record simultaneously with the Motion to Dismiss, as required by LCvR 7(n)(1).  In the event the Court denies Defendants' Motion to Dismiss, Defendants will produce a copy of the administrative record to Plaintiffs and will file a certified list of the contents of the administrative record no later than 30 days after they file their answer.[1]  The parties propose that scheduling of further events, such as briefing of cross-motions for summary judgment, or any briefing on any motion to supplement the record, be deferred until after Defendants' Motion to Dismiss is decided and any certified list of the contents of the administrative record is filed.  The parties suggest addressing this by way of a joint status report or status and scheduling hearing 14 days after any certified list of the contents of the administrative record is filed, to allow the parties time to analyze the administrative record and include that analysis in further scheduling considerations.

To the extent Plaintiffs file partial motions for summary judgment on Claims 5 and 6 prior to the development of the administrative record and before the parties submit a joint status report scheduling further events, Plaintiffs propose that the response brief will be due 30 days after the motion for summary judgment is filed and the reply brief will be due 15 days after the response brief.  Plaintiffs' proposed schedule is set forth in Exhibit A to this report.

Defendants disagree with Plaintiffs' proposal for a piece-meal summary judgment briefing schedule and propose that all scheduling be deferred until Defendants' Motion to

---

[1] Defendants interpret this Court's September 4, 2017 minute order requiring Defendants to "file a certified copy of the contents of the administrative record no later than 30 days after the filing of Defendants' answer" to track the filing requirements in LCvR 7(n)(1), which requires the filing of "a certified *list* of the contents of the administrative record." (emphasis added).  Should the Court so request, however, Defendants will file the contents of the entire administrative record.

Dismiss is decided and any administrative record is produced. As the parties anticipate that all claims will be resolved by dispositive motion, Defendants request a unified briefing schedule so that the Court can resolve all claims at once.

*7. Stipulations Regarding Initial Disclosures*

The parties stipulate to dispense with the initial disclosures required by F.R.Civ.P. 26(a)(1).

*8. Discovery*

The parties agree that discovery is unlikely to be necessary in this case; however, the parties reserve the right to pursue and object to discovery if it becomes necessary or appropriate.

*9. Issues about disclosure, discovery, or preservation of electronically stored information*

Because the parties agree that discovery is not likely to be necessary in this case, the parties do not anticipate any issues related to disclosure, discovery, or preservation of electronically stored information.

*10. Claims of privilege or of protection*

The parties do not anticipate that there will be any claims of privilege of trial-preparation materials in this case.

*11. Expert Witness*

Pending receipt of the administrative record, the parties are unable to determine whether expert witnesses may be necessary in this case. The parties do not anticipate any exchange of expert witness reports and information.

*12. Class Actions*

This case is not a class action.

*13. Bifurcation of Trial or Discovery*

The parties do not anticipate bifurcating the case.

*14. Pretrial Conference*

The parties agree that no pretrial conference date should be set because the case is likely to be resolved on the basis of dispositive motions.

*15. Firm Trial Date*

The parties agree that no firm trial date should be set because the case is likely to be resolved on the basis of dispositive motions.  Defendants object to scheduling a trial as this is a record review case that should not be resolved by trial.

*16. Other Matters*

There are no other matters that the parties believe may be appropriate for inclusion in a scheduling order.

Respectfully submitted on this 13th day of April, 2018.

*/s/ Molly Lawrence*
Molly Lawrence (WSBA Bar # 28236)
Michael D. Farber (D.C. Bar # 449215)
Van Ness Feldman LLP
1050 Thomas Jefferson St., N.W.
Washington, D.C. 20007
Telephone: (202) 298-1800
Facsimile: (202) 338-2416
mol@vnf.com
mfarber@vnf.com

*Counsel for Plaintiffs*

JEFFREY H. WOOD
Acting Assistant Attorney General
Environment & Natural Resources Division
SETH M. BARSKY, Section Chief
MEREDITH L. FLAX, Assistant Section Chief


*s/ Mark Arthur Brown*
MARK ARTHUR BROWN
D.C. Bar No. 470050
Senior Trial Attorney
U.S. Department of Justice
Environment and Natural Resources Division
Wildlife and Marine Resources Section
P.O. Box 7611
Washington, D.C. 20044-7611
Telephone: (202) 305-0204
Facsimile: (202) 305-0275
mark.brown@usdoj.gov

SARAH IZFAR
U.S. Department of Justice
Environment and Natural Resources Division
Natural Resources Section
P.O. Box 7611
Washington, D.C. 20044-7611
Telephone: (202) 305-0490
Sarah.izfar@usdoj.gov

*Counsel for Defendants*